IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDWARD SWINSON,** ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | C.A. No. 08-24 Erie |
| ) | |
| **DR. PETER LONGSTREET, et al.** ) | Magistrate Judge Baxter |
| Defendants. ) | |

## OPINION AND ORDER

Chief Magistrate Judge Susan Paradise Baxter.

## I. INTRODUCTION

### A. Relevant Procedural History

Plaintiff Edward Swinson, an individual incarcerated at the State Correctional Institution at Albion, Pennsylvania, filed this civil rights action on January 23, 2008.

On April 11, 2008, this Court issued an Order directing Plaintiff to provide the United States Marshal Service with proper directions of service for Defendant. After being informed by the United States Marshal Service ("U.S. Marshal") that Plaintiff had not fully cooperated in its efforts to serve Defendants, this Court issued an Order on November 18, 2008, requiring Plaintiff to provide the U.S. Marshal with the necessary address information and documentation to allow Defendants to be served. [Document # 12]. The Order provided further that Plaintiff's failure to provide the necessary information to the U.S. Marshal on or before December 8, 2008, would result in the dismissal of this case for failure to prosecute. A review of the docket entries in this case indicates that service has never been effectuated on the Defendant.

## II. DISCUSSION

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider:

1

1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. For the last several months, Plaintiff has taken none of the necessary steps to prosecute this case. Further, Plaintiff has ignored an Order of this Court that expressly stated his case would be dismissed for failure to prosecute if he did not comply. Plaintiff is proceeding pro se and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.

## III    CONCLUSION

For the reasons set forth above, IT IS ORDERED AND ADJUDGED that this case is DISMISSED due to Plaintiff's failure to prosecute.

The clerk shall mark this case as closed.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated: January 23, 2009